UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **WESTERN PACIFIC PRODUCE, INC.,**<br><br>**Plaintiff,**<br><br>vs.<br><br>**RED WAGON GROVES, INC., MARK ANTHONY CHANG and ILIANA M. CHANG,**<br><br>**Defendants.** | **C.A. No.: 5:23-cv-00042** |

## CIVIL ACTION COMPLAINT

For its Complaint, Plaintiff states:

**Jurisdiction and Venue**

1. Plaintiff's claims arise under 7 U.S.C. §§499e(c)(5) and 499g of the Perishable Agricultural Commodities Act, 1930 ("PACA"). Thus, this Court has jurisdiction over this case under 28 U.S.C. §1331, and 28 U.S.C. §1367(a) vests this Court with supplemental jurisdiction over Plaintiff's claims arising under state law.

2. Venue in this District is based on 28 U.S.C. §1391(b) and 7 U.S.C. §499g(b).

**The Parties**

3. Plaintiff is Western Pacific Produce, Inc., a California corporation whose business consists of selling wholesale quantities of perishable agricultural commodities ("Produce") in interstate commerce. Plaintiff's principal place of business is in Santa Barbara, California.

4. Defendants are:

a) Red Wagon Groves, Inc. ("Red Wagon") is a Delaware Corporation registered to conduct business in the state of Texas, with its principal place of business at 10414

Stonefield Place, San Antonio, Bexar County, Texas. At all times material to this case, Red Wagon was a dealer and commission merchant subject to PACA.

    b)  Mark Anthony Chang ("Mark Chang"), a person who, upon information and belief, resides at 10414 Stonefield Place, San Antonio, Bexar County, Texas. At all times material to this case, Mark Chang was the President, Director and sole shareholder of Red Wagon and in such capacity, controlled or was in a position to control the PACA trust assets held by Red Wagon.

    c)  Iliana M. Chang ("Iliana Chang"), a person who, upon information and belief, resides at 10414 Stonefield Place, San Antonio, Bexar County, Texas and is the spouse of Mark Chang.

**General Allegations**

  5.  Between November 26 and 30, 2022, Western Pacific sold $106,443.06 in Produce to Red Wagon in interstate commerce. A summary of those sales, along with the related invoices are Exhibit A. Red Wagon accepted the Produce from Western Pacific.

  6.  At the time of these sales, Red Wagon was licensed by the United States Department of Agriculture under PACA license number 20210778, and Western Pacific held license number 20110419.

  7.  Upon Red Wagon's receipt of the Produce, Western Pacific became a beneficiary of the PACA trust, consisting of all Produce held by Red Wagon, all assets derived from the sale of Produce, accounts receivable and assets commingled with, purchased with or otherwise acquired from proceeds from the sale of Produce. Assets subject to the PACA trust are described as "PACA Trust Assets."

  8.  Western Pacific preserved its interest in the PACA Trust Assets of Red Wagon by delivering invoices to Red Wagon that include the statutory language required by 7 U.S.C.

§499e(c)(4).

9. The invoices issued by Western Pacific to Red Wagon also include the following language entitling Western Pacific to recover attorney's fees and costs:

> In the event any action or proceeding is commenced to enforce the terms of this transaction or our PACA trust rights, buyer agrees to pay all costs of enforcement, including all attorneys' fees, together with any costs and expenses, as additional sums owed in connection with this transaction.

10. Under PACA, Red Wagon must tender full payment promptly to its unpaid suppliers of Produce. Red Wagon does not dispute the amounts claimed due by Western Pacific yet has failed to pay for the $106,443.06 in Produce purchased.

11. PACA requires Red Wagon to hold the PACA Trust Assets in trust to benefit Plaintiff and all other unpaid Produce suppliers until full payment is made. Red Wagon has failed to pay Plaintiff, suggesting a failure to maintain sufficient PACA Trust Assets as required by law.

12. All conditions precedent to this action have been performed, waived, or occurred.

**Claims for Relief**

**Count I: Violation of PACA - 7 U.S.C. §499e(c)**

**Defendant Red Wagon**

13. Western Pacific re-alleges ¶¶1 through 12.

14. Western Pacific is an unpaid supplier and seller of Produce who is entitled to payment from Red Wagon's PACA Trust Assets.

15. Red Wagon has failed to maintain the PACA Trust and has failed to pay PACA Trust Assets to Plaintiff as required by law.

16. THUS, Plaintiff Western Pacific seeks entry of an Order directing Red Wagon to immediately pay to Western Pacific, as a beneficiary of the PACA trust, PACA Trust Assets equal

to the amount of its valid PACA trust claim, declaring that Western Pacific holds a valid PACA trust claim against Red Wagon under 7 U.S.C. §499e(c) in the amount of $106,443.06, plus prejudgment interest, costs and attorney's fees, and entering judgment on it.

Count II: Breach of Contract

Defendant Red Wagon

17. Western Pacific re-alleges ¶¶1 through 16.

18. Western Pacific contracted with Red Wagon for the purchase and sale of Produce.

19. Red Wagon's failure to pay for the Produce accepted is a breach of those contracts and has resulted in damages to Western Pacific in the amount of $106,443.06, plus interest, costs and attorney's fees.

20. THUS, Plaintiff Western Pacific seeks entry of a judgment against Red Wagon in the amount of $106,443.06, plus interest, costs and attorney's fees.

**Count III: Breach of Fiduciary Duty**

**Defendant Mark Chang**

21. Western Pacific re-alleges ¶¶1 through 20.

22. Defendant Mark Chang owed a statutory fiduciary duty to Plaintiff to ensure that Red Wagon maintained and preserved sufficient PACA Trust Assets to pay all PACA trust beneficiaries as those amounts became due.

23. Defendant Mark Chang breached the fiduciary duty owed to Plaintiff by failing to ensure that Red Wagon fulfilled its statutory fiduciary duties under PACA.

24. As a result of the breach of fiduciary duty by Defendant Mark Chang, Western Pacific has suffered damage in the amount of $106,443.06, plus interest, costs and attorney's fees.

25. THUS, Plaintiff Western Pacific seeks entry of a judgment in its favor of and

against Defendant Mark Chang in the amount of $106,443.06, plus interest, costs and attorney's fees.

### Count IV: Conversion and Unlawful Retention of PACA Trust Assets

### Defendants Mark and Iliana Chang

26. Western Pacific re-alleges ¶¶1 through 25.

27. Red Wagon is a corporation whose sole officer is Mark Chang.

28. Western Pacific believes that PACA Trust Assets were transferred by Red Wagon to Mark and Iliana Chang in breach of the PACA trust.

29. The receipt and retention of PACA Trust Assets by Mark and Iliana Chang from Red Wagon damaged Plaintiff.

30. THUS, Western Pacific seeks entry of an Order directing Mark and Iliana Chang to disgorge any PACA Trust Assets in their possession or control, and entry of a judgment in its favor and against Mark and Iliana Chang, jointly and severally in the amount of $106,443.06, plus interest, costs and attorney's fees.

### Count V: Fraudulent Transfer - Tex.Bus. & Com.Code Ann. §24.001 et seq.

### Defendants Mark and Iliana Chang

31. Western Pacific re-alleges ¶¶1 through 30.

32. Upon information and belief, Red Wagon transferred its assets to Mark and Iliana Chang, and to other unknown third parties.

33. These transfers were made after Plaintiff's the claims of Plaintiff and other PACA trust beneficiaries arose.

34. These transfers were made to or for the benefit of insiders of Red Wagon on antecedent debts and were made without consideration.

35. Red Wagon was insolvent at the time of these transfers.

36. At the time of these transfers, the recipients had reasonable cause to believe that Red Wagon was insolvent.

37. These transfers were fraudulent transfers as proscribed by Texas' Uniform Fraudulent Transfers Act, Tex.Bus. & Com.Code Ann. §24.001 et seq.

38. THUS, Western Pacific seeks entry of an Order under Tex.Bus. & Com.Code Ann. §24.008, avoiding the transfers and ordering the recipients to disgorge and transfer all such amounts to Plaintiff in the amount of $106,443.06, plus interest from the date each invoice became past due, costs, attorneys' fees, and punitive damages to be determined by the trier of fact, less any monies Plaintiff receives from the PACA Trust Assets.

## Count VI: Constructive Trust

### 10414 Stonefield Place, San Antonio, Bexar County, Texas

### Defendants Mark and Iliana Chang

39. Western Pacific re-alleges ¶¶1 through 38.

40. Upon information and belief, Mark Chang and Iliana Chang acquired assets using PACA trust assets which were being held by Red Wagon for the beneficial interest of Plaintiff, including the acquisition, maintenance or improvement of the real property located at 10414 Stonefield Place, San Antonio, Bexar County, Texas ("Stonefield Residence"), resulting in the Stonefield Residence becoming a PACA trust asset.

41. Mark and Iliana Chang benefited themselves using PACA trust assets, and as such, hold said assets in constructive trust as trustee to benefit Plaintiff here.

42. THUS, Western Pacific seeks entry of an Order declaring that Mark Chang and Iliana Chang hold, in constructive trust as trustees to benefit Plaintiff, such amounts as were transferred from Red Wagon in connection with the acquisition, maintenance or improvement of

the Stonefield Residence, according to proof, as well as an Order directing Mark Chang and Iliana Chang to disgorge and transfer all such amounts to Plaintiff, imposing a constructive trust on the Stonefield Residence, and in the alternative, entering judgment against Mark Chang and Iliana Chang, jointly and severally, in the amount of $106,443.06.

### Count VII: Fraudulent Transfer Under Tex. Bus. & Com. Code §24.001 et seq.

### 10414 Stonefield Place, San Antonio, Bexar County, Texas

### Defendants Mark and Iliana Chang

43. Western Pacific re-alleges ¶¶1 through 43.

44. At all times material hereto, Mark and Iliana Chang owned the Stonefield Residence, as a constructive trustees to benefit Plaintiff.

45. Upon information and belief, at various times, Mark and Iliana Chang used PACA trust assets received from Red Wagon to make payments for the mortgage, taxes, maintenance and other improvements to the Stonefield Residence, resulting in that property becoming a PACA trust asset.

46. These transfers were fraudulent transfers as proscribed by Texas's Uniform Fraudulent Transfers Act, Tex. Bus. & Com. Code § 24.001, et seq.

THUS, Western Pacific seeks entry of an Order, as provided by Tex. Bus. & Com. Code §24.008, avoiding the transfers, ordering Mark and Iliana Chang to disgorge and transfer all such amounts to Plaintiff to the extent of $106,443.06, plus interest from the date each invoice became past due, costs, attorneys' fees, and awarding punitive damages to be determined by the trier of fact, less any monies Plaintiff receives from the PACA Trust Assets.

Respectfully submitted on Wednesday, January 11, 2023.

ESQUIVEL LAW, CHARTERED
Katy Koestner Esquivel
Florida Bar No. 0159484
Moorings Professional Building
2335 Tamiami Trail North
Suite 301
Naples, FL 34103-4457
Telephone: (239)206-3731
Facsimile: (239)431-3942
kke@esquivel-law.com
Co-Counsel for Plaintiff

STOKES LAW OFFICE, LLP

/s/ Maurleen W. Cobb
Maurleen W. Cobb
Texas Bar No.: 24054377
PO Box 6909
San Antonio, TX 78209-0909
Telephone: (210)804-0011
Telephone (210)378-8945
mcobb@stokeslawoffice.com
Counsel for Plaintiff